374 P.2d 845

**In the Matter of the ESTATE of Dirk ANJEWIERDEN, Deceased.**

**Western Equities, Inc., and Exchange Finance Company, Appellants.**

No. 9669.

Supreme Court of Utah.

Oct. 5, 1962.

Allen M. Swan, Salt Lake City, for appellants.

Owen & Ward, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a summary judgment to the effect that two creditors' claims were not presented timely in a probate proceeding and were barred under Title 75–9–4, Utah Code Annotated, 1953. Affirmed with costs to the estate.

On June 6, 1961, Notice To Creditors was published in a qualified newspaper, showing the administrator's address in Salt Lake City where claims were to be presented. Such publication ran for the statutory time and proof thereof was filed with the probate court on July 7.

The time for filing claims expired October 10. The name and address of the administrator thus were matters of public record, not only in the petition for letters and the subsequent order appointing administrator dated December 19, 1960, but from June 6, up to October 10, 1961.

Nonetheless, on October 6, the creditors' attorney *mailed* claims to the administrator at a Sandy, Utah address, which he obtained from a telephone directory. The phone number proved to be a temporary one incident to a construction job listed at the address. The letter was returned to the attorney on October 13, three days after the deadline for filing claims, noting that the addressee was unknown at the address. Counsel then mailed the letter, unopened, to the clerk of the court. He urges that having mailed the claims to an address found in a telephone directory constituted a valid and effective presentment thereof before the deadline. Had the claims actually been mailed *and* delivered to the administrator prior to deadline, there would be merit to the argument. However, a telephone directory can be no substitute for the statutes providing for official notice by publication and posting. The very purpose of such statute is to alert creditors as to when and where to file claims. Under the facts of this case there would have been no difficulty in obtaining such information from the official records, and we think there is no justification in relying on hearsay or a directory which may or may not be accurate and which is in no sense an official or permanent record binding in probate practice, instead of relying on the procedure interdicted by the statutes.

Appellants cite no authorities justifying a contrary conclusion.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., does not participate.